## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### CASE NO.  1:20-CV-04875

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PIXELS.COM, LLC and TIME USA, LLC,<br><br>Defendants. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br>(INJUNCTIVE RELIEF DEMANDED) |

Plaintiff MICHAEL GRECCO PRODUCTIONS, INC., by and through its undersigned counsel, brings this Complaint against Defendants PIXELS.COM, LLC and TIME USA, LLC for damages and injunctive relief, and in support thereof states as follows:

1.      This is an action arising under the Copyright Act, 17 U.S.C. §§ 501, 1202.

2.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

3.      Defendants are subject to personal jurisdiction in New York.

4.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

5.      Plaintiff MICHAEL GRECCO PRODUCTIONS, INC. ("MGP"), brings this action for violation of its exclusive rights under the Copyright Act to copy, display, create

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

derivative works and distribute MGP's original copyrighted works of authorship, and for falsification of copyright management information.

6. Michael Grecco is an award winning commercial photographer noted for his iconic celebrity portraits, magazine covers, editorial images and advertising spreads.

7. MGP owns all the rights to Michael Grecco's photography including the works at issue in this action.

8. MGP's images are in high demand. Good examples are the three images at issue in this case.

9. Defendant Pixels.com, LLC is an Illinois limited liability company with its principal place of business at 2202 Main Street, Santa Monica, CA 90405, and can be served by serving its Registered Agent, Mr. Sean T. Broihier, 2202 Main Street, Santa Monica, CA 90405

10. Pixels owns and operates numerous print on demand websites including www.fineartamerica.com, www.1xondemand.com, www.bridgemanondemand.com, www.designerprints.com, www.licensing.pixels.com, www.mobileprints.com, www.pixels.com, www.scottlistfieldondemand.com, www.shopdeckthewallsart.com, www.shopforart.com, and www.shopthegreatframeupart.com.

11. In truth, Pixels is nothing more than a vehicle for the unlawful exploitation and infringement of valuable and iconic images like those owned by MGP and created by Michael Grecco. A large percentage of Pixels' business is copyright infringement plain and simple.

12. Pixels claims protection from the Digital Millennium Copyright Act, but its business fails to qualify as a service provider under 17 U.S.C. § 512(c).

13. Defendant TIME USA, LLC ("Time USA") is a Delaware limited liability company with its principal place of business at 225 Liberty Street, New York, New York, 10281,

and can be served by serving its Registered Agent, CT Corporation System, at 28 Liberty Street, New York, New York, 10005.

14.     Time USA is the current owner of the trademark for the American weekly news magazine and website called "Time."

15.     The defendants recently announced that "TIME has selected Pixels to power their new e-commerce website and sell canvas prints, framed prints, metal prints, and wood prints of your favorite magazine covers! TIME joins hundreds of globally-recognized brands such as Sports Illustrated, Vanity Fair, The New Yorker, National Geographic, Vogue, Anne Geddes, and Major League Baseball that sell through Pixels.com and power their websites with Pixels.com technology."

16.     Defendants are selling Plaintiffs' Work in numerous locations on the Internet including at the Time Cover Store located at https://timecoverstore.com/ and https://pixels.com/overview/lookbooks/time-covers.

17.     Included among the Time magazine covers displayed and offered for sale at the defendants' Time Cover Store are the covers shown in Figures 1, 2 and 3 below.

**Figure 1**
**Time Magazine, April 10, 2000**



**Figure 2**
**Time Magazine, May 16, 2005**



**Figure 1**
**Time Magazine, Dec. 12, 2005**



18. The images shown on the covers of the April 10, 2000, May 16, 2005 and December 12, 2005 issues of Time Magazine, referred to herein as the Works, were created by Michael Grecco, and are owned by MGP.

19. The Work on the April 10, 2000 cover of Time Magazine was registered with the Register of Copyrights on April 14, 2000 and was assigned the registration number VAu 489-211. The Certificate of Registration is attached hereto as Exhibit 1. MGP is the owner of the Work.

20. The Work on the May 16, 2005 cover of Time Magazine was registered with the Register of Copyrights on April 6, 2005 and was assigned the registration number VAu 668-208. The Certificate of Registration is attached hereto as Exhibit 2. MGP is the owner of the Work.

21. The Work on the December 12, 2005 cover of Time Magazine was registered with the Register of Copyrights on January 5, 2006 and was assigned the registration number VAu 688-677. The Certificate of Registration is attached hereto as Exhibit 3. MGP is the owner of the Work.

22. MGP previously licensed the Works at issue in this case to the company that owned Time Magazine at the time of the publications of the April 10, 2000, May 16, 2005 and December 12, 2005 issues of Time Magazine for the limited use of the Works as the cover photos for those issues.

23. Neither MGP nor Grecco ever licensed the Works to Pixels or Time USA for the purposes for which the defendants are using the Works now, namely the making of "canvas prints, framed prints, metal prints, and wood prints."

24. In connection with the display, copying and sale of the Works defendants have falsified copyright management information by: a) falsely claiming ownership of or rights to

plaintiff's work by superimposing the name of their website "fineartamerica.com" on "full

resolution previews" of plaintiffs' Work, and b) falsely crediting "Time" as the

photographer/artist instead of crediting MGP or Grecco, as shown in Figure 4 below.

**Figure 2**
**"full-resolution" preview with false and altered CMI**



25.     The sale of "canvas prints, framed prints, metal prints, and wood prints" of the

Works by defendants competes with MGP and Grecco whose work has been purchased by

collectors and exhibited at galleries and museums.

26.     None of the defendants bothered to seek permission or license from MGP or

Grecco in order to sell "canvas prints, framed prints, metal prints, and wood prints" of the

Works.

6

**SRIPLAW**
<small>California ◆ Georgia ◆ Florida ◆ Tennessee ◆ New York</small>

27.     None of the defendants ever requested or received permission to place the "fineartamerica.com" watermark on the Works.

28.     The Works are rare and valuable.

29.     The defendants' continued exploitation and sale of the Work causes harm to MGP that cannot be addressed by damages alone.

30.     Defendants purposefully disregarded copyright law based on its misplaced belief that they are entitled to protection pursuant the DMCA safe harbor. Defendants are not entitled to safe harbor or other defense pursuant to 17 U.S.C. § 512 in this action. Defendants' business model facilitates and profits from rampant copyright infringement.

## COUNT I
## COPYRIGHT INFRINGEMENT

31.     Plaintiff incorporates the allegations of paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.     Plaintiff owns a valid copyright in the Work at issue in this case.

33.     Plaintiff registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

34.      Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

35.     Defendants performed the acts alleged in the course and scope of its business activities.

36.     Defendants' acts were willful.

37.     Plaintiff has been damaged.

38.     The harm caused to plaintiff has been irreparable.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

## COUNT II
**FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION**

39.     Plaintiff incorporates the allegations of paragraphs 1 through 30 of this Complaint as if fully set forth herein.

40.     Defendants knowingly and with the intent to enable or facilitate copyright infringement, provided CMI that is false in connection with the defendants' copying and display of the Work at issue in this action in violation of 17 U.S.C. § 1202(a).

41.     Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Plaintiff's rights in the Work at issue in this action protected under the Copyright Act.

42.     Plaintiff has been damaged.

43.     The harm caused to Plaintiff is irreparable.

WHEREFORE, Plaintiff Michael Grecco Productions, Inc. prays for judgment against Defendants Pixels.com, LLC and Time USA, LLC that:

    a.   Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

    b.   Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

    c.   Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

d. Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of their unlawful conduct;

e. Plaintiff be awarded prejudgment interest; and

f. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: June 25, 2020          Respectfully submitted,

*/s/  Joel B. Rothman*
JOEL B. ROTHMAN (JR0352)
joel.rothman@sriplaw.com
JOSEPH A. DUNNE (JD0674)
joseph.dunne@sriplaw.com
JONAH A. GROSSBARDT (JG5854)
jonah.grossbardt@sriplaw.com

**SRIPLAW**
125 Maiden Lane
Suite 5C
New York, NY  10038
929.200.8446 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Michael Grecco Productions, Inc.*