**PRINCE LOBEL**

Robert A. Bertsche
617-456-8018
*Admitted to practice in New York and Massachusetts*

September 15, 2020

**FILED VIA ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     Michael Grecco Productions, Inc. v. Pixels.com, LLC and TIME USA, LLC
        No. 1:20-cv-04875-NRB
        **Request for Pre-Motion Conference Concerning Motion to Dismiss or in the Alternative for Summary Judgment**

Dear Judge Buchwald:

Defendants Pixels.com, LLC and TIME USA, LLC respectfully request a pre-motion conference to consider their desire to file a motion to dismiss or in the alternative for summary judgment in this copyright case. Defendants' current deadline to respond to the complaint is September 28, 2020.

Plaintiff Michael Grecco Productions, Inc. alleges in its complaint that it owns the copyright in photographs that appeared on three covers of TIME Magazine between 2000 and 2005. It has sued TIME USA, LLC, the owner of TIME magazine, for offering printed reproductions of these covers for sale online. Plaintiff has also sued Pixels.com, LLC for allegedly facilitating an online store where printed covers such as those at issue in this case may be purchased.

The complaint should be dismissed because Plaintiff signed agreements with TIME Magazine providing that TIME would have the right to reproduce the covers in question for any purpose. Specifically, in agreements dated March 30, 2000 and May 6, 2005, Plaintiff confirmed that TIME would have "the right to reproduce the cover of the Magazine as it appears, in any media, for any purpose, in perpetuity without additional payment."

In the complaint, Plaintiff acknowledges the existence of these license agreements. (Complaint, ¶ 22) (alleging plaintiff "previously licensed the Works at issue in this case to the company that owned Time Magazine at the time of the publications."). Accordingly, their terms may be considered on a motion to dismiss. *Palin v. New York Times Co.*, 940 F.3d 804, 811 (2d Cir. 2019), citing *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (noting that documents

Prince Lobel Tye LLP
One International Place
Suite 3700
Boston, MA 02110
TEL: 617 456 8000
FAX: 617 456 8100

www.princelobel.com

108539\000007\3541821

PRINCE LOBEL

Hon. Naomi Reice Buchwald
September 15, 2020
Page 2

"essential to the litigation" referenced and relied upon by a plaintiff may be considered on a motion to dismiss).

In light of the agreements, Plaintiff cannot plausibly allege that Defendants' reproduction of the covers was "without authorization," as required to maintain the copyright infringement claim Plaintiff asserts in Count I. *Rogers v. Koons*, 960 F.2d 301, 306 (2d Cir. 1992) ("To establish an infringement of a copyright, a plaintiff must show both ownership of a copyright and that defendant copied the protected material without authorization."); *Yamashita v. Scholastic Inc.*, 936 F.3d 98, 104–05 (2d Cir. 2019) (affirming allowance of motion to dismiss copyright infringement claim based on assertion that defendant exceeded terms of license agreement), cert. denied, 206 L. Ed. 2d 823 (Apr. 20, 2020). TIME's right "to reproduce the cover of the Magazine as it appears, in any media, for any purpose" plainly includes standalone reproductions like those alleged in the complaint. If Plaintiff had wished to grant a more limited right to use its photographs -- or to restrict the media on which the covers could be reproduced -- it was required to negotiate for more restrictive language. *Bartsch v. Metro-Goldwyn-Mayer, Inc*., 391 F.2d 150, 155 (2d Cir. 1968) (if "the words" of the license "are broad enough to cover the new use, it seems fairer that the burden of framing and negotiating an exception should fall on the grantor"); *HarperCollins Publishers LLC v. Open Rd. Integrated Media, LLP*, 7 F. Supp. 3d 363, 370 (S.D.N.Y. 2014) (broadly worded 1971 licensing agreement included the right to publish an e-book 40 years later).

Likewise, Plaintiff cannot maintain its claim against Pixels.com, which is accused of helping facilitate TIME's permitted reproduction of the covers. *Great Minds v. Fedex Office & Print Servs., Inc*., 886 F.3d 91, 94 (2d Cir. 2018) (affirming dismissal of copyright infringement action against commercial printer that copied materials at request of permitted licensee); *Automation By Design, Inc. v. Raybestos Prods. Co*., 463 F.3d 749, 757 (7th Cir. 2006) (if a license allowed defendant "to make photocopies of [certain] designs[,] ... [defendant] could certainly take the designs to a Kinko's photocopy shop to have them copied" there).

Nor can Plaintiff evade the licensing agreements merely because TIME Magazine changed ownership after the agreements were signed. Plaintiff alleges in its complaint that the TIME brand is now owned by defendant TIME USA, LLC. (Complaint, ¶ 14). As such, the Court may consider the well-publicized transaction whereby TIME USA, LLC purchased assets that formerly belonged to Time, Inc., including the rights under the agreements. Fed. R. Evid. 201(b)(2) (court may take judicial notice of "a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.") However, to the extent the Court deems it necessary, Defendants will request that the motion be converted to one for summary judgment, so the Court may assess and apply the terms of the undisputed agreements to Plaintiff's claims.

Finally, Plaintiff alleges in Count II that Defendants violated the Digital Millennium Copyright Act (DMCA) by providing false "copyright management information." *See* 17 U.S.C.A. § 1202(a). The DMCA provides, in relevant part: "[n]o person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement (1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false."

108539\000007\3541821

PRINCE LOBEL

Hon. Naomi Reice Buchwald
September 15, 2020
Page 3

17 U.S.C. § 1202(a). The claim fails for two reasons. First, it is based on a watermark and photo credit applied to the TIME covers, not to Plaintiff's work standing alone, as is required in such a claim. (Complaint, ¶ 24); *Park v. Skidmore, Owings & Merrill LLP*, No. 17-CV-4473 (RJS), 2019 WL 9228987, at *11 (S.D.N.Y. Sept. 30, 2019) (no false CMI claim based on allegedly derivative and infringing architectural plans that did not credit plaintiff's pre-existing work). Second, the complaint fails to allege facts plausibly showing that Defendants added the watermark and photo credit "with the intent to induce, enable, facilitate, or conceal infringement," as required for such a claim. 17 U.S.C.A. § 1202(a). There was no infringement here, as shown above, because Plaintiff licensed exactly the kind of reproductions alleged in the complaint.

For these reasons, Defendants TIME USA, LLC and Pixels.com, LLC, respectfully request that the Court schedule a pre-motion conference or approve their filing of the motion to dismiss or in the alternative for summary judgment.

Thank you for your time and consideration.

Sincerely yours,


/s/  Robert A. Bertsche
Robert A. Bertsche

cc: Joel Rothman, Esq.

108539\000007\3541821